UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CHEN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>YALE UNIVERSITY (PETER SALOVEY, PRESIDENT),<br><br>                    Defendants. | 22-CV-1690 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting that Defendant Yale University violated his rights. By order dated April 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who resides in Manhattan, brings this action against Yale University in Connecticut.[1] He invokes this Court's federal question jurisdiction and asserts claims under the Fourth, Thirteenth, and Fourteenth Amendments to the Constitution. Plaintiff alleges that most of the events giving rise to his claims occurred from December 1949 to the present.

Plaintiff, who immigrated with his family to the United States from China at the age of four in December 1949, provides the following description of the events giving rise to his claims:

> Yale University has been a kind of chief slaveholder over my existence since my arrival in December 1949. My living quarters have been eavesdropped upon and broadcast – chiefly to other American and British institutions – my telephone has been tapped; my brain and body have been operated upon, without my permission. The U.S. Secretary of State from 1949 to 1953 was "Dean Acheson," a prominent Yale man and leader of the university. His name appears to be a pun on a "dean," the head of a college faculty, and on "atchoo," one of the sounds that might be heard in a room that is eavesdropped upon. My life has been made available to be used, by academics, by courts, by various government departments, and by artists in many media, largely as symbols of prominent bogeymen to America (most of all the Soviet Union and Communist China, and also North Korea and eventually Muslin "terrorists") but in any case as a shared in-joke. Indeed, Yale has been "the leader of the gang that's made for you and me."
>
> I tell my story, and my belated realization of what is happening, in my books and papers which are in the collections of the Library of Congress, the Bodleian Library of Oxford University, the New York Public Library, and other libraries. My writings are not without literary merit (I was on the staff of *The New Yorker* from 1971 to 1981). However, the story is so scandalous, so damaging or embarrassing, that it is considered virtually classified or contraband – particularly in New York City and State. I believe, just the same, that the story has to be faced if I am to receive freedom and justice and if New York and the United States are to face the truth about themselves and especially about medicine and health.

---

[1] Plaintiff names Yale University as a defendant and lists Peter Salovey as the President of Yale in the caption of the complaint. Plaintiff makes it clear in the body of the complaint, however, that he is suing only Yale University, and is not suing President Salovey in a personal capacity.

(ECF 2, at 8.)[2]

Plaintiff attaches to the complaint multiple documents, including a purported last will and testament and what appear to be samples of his writings. He requests that the Court order Yale "to begin cooperating with [him] in confirming the history told in [his] writing (*id.*), and "in revealing the truth behind such events as the 'assassination' of President John F. Kennedy and the 'terrorist attack' of Sept. 11, 2001" (*id.* at 6). Plaintiff further asserts that, although he deserves compensation, he is "seeking, at age 76, nothing much more than peace, recognition, and survival." (*Id.* at 8.) He also states that, "I am a Yale man myself." (*Id.*)

## DISCUSSION

### A.     Plaintiff's complaint has no basis in law or fact

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's conclusory assertions, that Defendant Yale University is "the chief slaveholder over [his] existence" and has allowed others to place him under surveillance and to operate on his brain and body without

---

[2] The Court quotes the complaint verbatim. All errors are in the original.

permission (ECF 2, at 8), lack any plausible factual support and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has pleaded no facts showing that Yale University took any action against him, much less showing that the university held Plaintiff in slavery with control over his life. The Court cannot identify any legal basis for his claims and there is no apparent valid legal theory on which Plaintiff may proceed. *See id*. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Plaintiff's Litigation History**

Plaintiff has filed multiple cases in this court, many of which were dismissed as frivolous or meritless. *See Chen v. Vason*, ECF 1:22-CV-2938, 6 (S.D.N.Y. Apr. 29, 2022) (listing cases). On January 31, 2022, the Court warned Plaintiff that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651, barring him from filing new actions IFP unless he received prior permission to file. *See Chen v. Mount Sinai Beth Israel*, ECF 1:22-CV-0223, 5 (S.D.N.Y. Jan. 31, 2022), *appeal pending*, No. 22-0383 (2d Cir.). Because Plaintiff failed to heed the Court's warning and continued to file frivolous or meritless cases, on April 29, 2022, the Court directed Plaintiff to show cause, within thirty days, why he should not be barred from filing any further actions in this Court IFP without first obtaining permission to file his complaint. *See Chen v. Vason*, ECF 1:22-CV-2938, 6.

This action was filed after Plaintiff was warned but before he was directed to show cause. While the Court has determined that this action is frivolous, there is no need to further address Plaintiff's vexatious litigation history as he has been directed to show cause as described above.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 16, 2022
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge